IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSEPH WEY,

    Plaintiff,

vs.

                                            Case No. 8:19-cv-1314-T-17JSS

CITY OF ST. PETERSBURG,

    Defendant.
_____/

**DEFENDANT, CITY OF ST. PETERSBURG'S, RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT, MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF LAW IN SUPPORT**

Comes now the Defendant, CITY OF ST. PETERSBURG, a political subdivision, (hereinafter "City"), in Response to Plaintiff's Motion for Summary Judgment and memorandum of law in support and requests that the Court find as a matter of law, that the (1) City rounding policy did not violate the Fair Labor Standards Act as the meetings were covered by the Portal to Portal Act and the rounding was de minimis (2) Plaintiff has failed to meet the definition of disability discrimination under the Americans with Disabilities Act and the Florida Civil Rights Act (3) Plaintiff failed to prove the prima facie case of retaliation under the Americans with Disabilities Act. A separate Statement of Disputed Facts is being contemporaneously filed in accordance with the Case Management and Scheduling Order.

**Summary Judgment Standard**

A motion for summary judgment forces a court to "pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Motions for summary judgment should be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, with the

affidavits, show that there is no genuine issue over any material fact and that the moving party is therefore entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; rather, the record must reveal a "*genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (emphasis in original). Facts are material if, under the applicable substantive law, they might affect the outcome of the case. Id.

The movant bears the initial responsibility for demonstrating the absence of a material issue. After this burden is met, it shifts to the non-moving party to show evidence to support its claim. Celotex Corp, 477 U.S. at 323. To carry this burden, the moving party can present evidence to this effect or instead show that the nonmoving party has failed to present evidence in support of some element of its case on which it ultimately bears the burden of proof. *Id.* at 322-23. Conclusory allegations will not suffice. "A mere scintilla of evidence supporting" the non-movant's claims will not suffice. Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990) (internal quotations omitted).

**I.    The City's Rounding policy is de minimis.**

The Portal-to-Portal Act, as amended by the Employee Commuting Flexibility Act of 1996, provides:

> No employer shall be subject to any liability or punishment under the Fair Labor Standards Act….on account of the failure of such employer to pay an employee overtime compensation, for or an account of any of the following activities…
>
> (2) activities which are preliminary to or postliminary to said principal activities or activities,
>
> which occur either prior to the time of any particular workday at which such employee commences, or subsequent to the time on any particular workday at which ceases, such principal activity or activities.

29 U.S.C. § 254(a).

The Supreme Court has defined the term "principal activity or activities" in § 254 to include all activities that are an integral and indispensable part of the principal activities. " Steiner v. Mitchell, 350 U.S. 247, 256 (1956). The fact that preshift activities are necessary for employees to engage in their principal activities does not mean those preshift activities are integral and indispensable to a principal activity. Bonilla v. Baker Concrete Const. Inc., 487 F.3d 1340, 1344 (11th Cir. 2007). The Supreme Court separately defined the words integral and indispensable as follows: "The word integral means "belonging to or making up to an integral whole; constituent, component; specifically necessary to the completeness or integrity of the whole; forming an intrinsic portion or element , as distinguished from an adjunct or appendage." Integrity Staffing v. Busk, 574 U.S. 27, 33 (2014). Indispensable means a duty "that cannot be dispensed with, remitted, set aside, disregarded or neglected." Id.

The integral and indispensable test is tied to the productive work that the employee is employed to perform." Id. at 519. The fact that an employer requires or benefits from the activity at issue does not establish that the activity is integral and indispensable. This is fact intensive inquiry. It is for the court to decide if a set of facts gives rise to liability under the FLSA; it is for the jury to determine if those facts exist. Dade City v. Alvarez, 124 F.3d 1380, 1383 (11th Cir. 1997).

Plaintiff admits the brief preshift meetings were not required nor were any employees disciplined for not attending meetings.(Wey 47:3-8). Many employees agree they were there for an indeterminate period of time and employees were not always working. (Wey 51-52: 24-1). Employees reported that the meetings could last from 30 seconds to a few minutes.(Rosario 35: 19-20). Further, there was a log book available for operators to review what occurred on the prior

3

shift (Wey 50: 10-13). The meetings were not indispensable and integral as they were brief and not necessary because of the log book.

Further, under the Fair Labor Standards Act, employees cannot recover for otherwise compensable time if it is de minimis. The Wage and Hour Division on the United States Department of Labor has issued federal regulations related to de minimis doctrine which state, "insubstantial or insignificant periods of time beyond the scheduled working hours, which cannot as a practical administrative matter be precisely recorded for payroll purposes. Trzcinka v. Ramirez, 2016 WL 6524411, at *2 (M.D. Fla. Nov. 3, 2016). In reference to work, plaintiff admits it was not like something was always going on, but a lot times there was stuff going on. (Wey 51-52:24-1). The inconsistency of work nor the lack of record evidence to support what occurred demonstrates these preshift activities were de minimis.

It is unclear whether the employees engaged in compensable time. Thus, the Court should find that an exception under the Portal to Portal Act applies and the time is de minimis.

**II. The Plaintiff has failed to meet his burden to prove disability discrimination under the ADA and FCRA.**

To state a *prima facie* case for disability discrimination, a Plaintiff must show (1) he is disabled; (2) he is a qualified individual; and (3) he was subject to unlawful discrimination as a result of his disability. 42 U.S.C. §   12112(a); Mazzeo v. Color Resolutions Int'l LLC, 746 F.3d 1264, 1268 (11th Cir. 2014). Disability discrimination claims under the Florida Civil Rights Act are analyzed under the same framework as ADA claims. D'Angelo v. ConAgra Foods, Inc., 422 F.3d 1220, 1224 n.5 (11th Cir. 2005).

**A. The Plaintiff does not meet the definition of disability under the ADA or FCRA.**

The ADA defines disability as "(a) physical or mental impairment that substantially limits one or more of the major life activities (b) record of impairment or (c) being regarded as having

4

such impairment." 42 U.S.C. 12102(2); Swain v. Hillsborough County School Board, 146 F.3d 855, 857(11th Cir. 1998). "A determination of whether a person is disabled is an individualized inquiry performed on a case-by-case basis" and "is not necessarily based on the name or diagnosis of the impairment the person has, but rather on the effect of that impairment on the life of the individual." Garavito v. City of Tampa, 640 F. Supp. 2d 1374, 1379 (M.D. Fla. 2009) (quoting Sutton v. United Air Lines, Inc., 527 U.S. 471, 483 (1999).

A determination of whether a claimant has a disability requires a three-step analysis. First, the Court must consider whether the plaintiff has a mental or physical impairment. If so, the next question is whether that impairment limits a life activity that is classified as a major life activity under the ADA. Finally, the plaintiff must show that the major life activity is *substantially* limited by the impairment." Loperena v. Scott, 2009 U.S. Dist. LEXIS 33544 *34-35 (M.D. Fla. 2009) (emphasis in original) (internal citations omitted).  EEOC regulations provide that major life activities include "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. 1630.2(i) Sutton at 492.

Despite this generous standard, "not every impairment will constitute a disability with the meaning [of the ADAAA]." § 1630.2(j)(1)(ii). Even under the less stringent standards of ADAAA, the plaintiff has failed to establish he suffers from an impairment that substantially limits a major life activity. A mere diagnosis of ADHD, without more, may not suffice to establish disabled status under the ADA and plaintiffs also need to demonstrate that the impairment limits a major life activity." Pritchard v. Fla. High Sch. Alth. Ass'n, 2020 U.S. Dist. LEXIS 114512, *9 (M.D. Fla. 2020).  Here, the diagnosis from Dr. Neeley of Attention Deficit Disorder-Inattentive Type in 2015 provides no specifics on how this condition substantially impairs of a major life activity. (Wey, Exhibit 6).

The Court recognizes that an ADA plaintiff does not necessarily [*64] need medical evidence to substantiate her disability assertions. 29 C.F.R. § 1630.2(j)(1)(v). However, courts do not accept conclusory statements from the Plaintiff to meet the definition of a disability. Vaughan v. World Trade Changers Church Int'l, Inc., 2014 US. Dist. LEXIS 141912, 28 (N.D. Ga. 2014)(given the conclusory nature of {Plaintiff's] own affidavit, and vague nature of her deposition testimony, without additional clarity from, for example, a medical professional regarding the specific pain her medical condition caused and the limitations on major life activities resulting from the condition and pain, a jury has no evidence from which to infer that Vaughan's condition was substantial.). The plaintiff's contention that people believed him to be mean or impolite because individuals believe he was yelling is not supported by record evidence. Plaintiff was never disciplined for yelling, but for violations of City's rules and department policies regarding use of emails. This conclusory allegation would need to be explained by a medical professional on how the condition substantially limits a major life activity.

The Courts have provided guidance on the details of the communication from a physician that demonstrate a definition under the ADA. Mazzeo v. Color Resolutions Int'l, LLC, 746 F.3d 1264, 1268-69 (11th Cir. 2014). In Mazzeo, the Court concluded that a physician's affidavit about an employee's back pain provided sufficient evidence of that employee's disability to withstand summary judgment. Id. That affidavit "stat[ed] that degenerative disc disease and a herniated disc impacted [the employee]'s ability to walk, bend, sleep, and lift more than ten pounds, . . . that [the employee]'s pain would increase with prolonged sitting and standing. . . . and that the[se] limitations . . . were substantial and permanent." Id. (internal quotation marks and alteration omitted). The affidavit also explained that the doctor had treated the employee for an extended period of time. Id. at 1268. The Court concluded that this affidavit was sufficient because "it

explained [the employee]'s medical condition, what specific pain the condition caused, and *the limitations on 'major life activities'* (as that term is broadly defined by the ADA) resulting from the condition and pain." Id. at 1269 (emphasis added). Here, there is no record evidence that plaintiff's alleged disability that explains the condition, and limitations it has on many major life activities.

Plaintiff's conclusory allegations are not enough to withstand summary judgment. Holton v. First Coast Serv. Options, Inc., 703 Fed. Appx. 917, 921-922 (11th Cir. 2017) (The Court found that a letter requesting a modified work schedule was insufficient to prove disability because it did not explain how the condition substantially limited any major life activity). Here, there has been no record evidence of how plaintiff's alleged ADHD limits a major life activity, only Plaintiff's conclusion's allegation that the condition effected his ability to communicate. Plaintiff contends that his ADHD, combined with his hearing loss limits his communication such that people believe him to be impolite. There is no medical evidence or other record evidence to support his claim. Thus, the City is entitled to summary judgment on Plaintiff's claim that he is disabled.

The City should be entitled to summary judgement as matter of law that Plaintiff was not disabled under the ADA and FCRA as there is no record evidence to indicate that his ADHD substantially limited a major life activity.

**B.  The City should be entitled to summary judgement as a matter of law as the Plaintiff has failed to prove that he was subject to unlawful discrimination because of his disability**.

The second prong of disability discrimination is not at issue in this case as there has been no issue raised regarding plaintiff's ability to perform his job duties as an operator. The last prong for disability discrimination is whether there is unlawful discrimination because of a person's disability. Plaintiff has failed to show he received an employee evaluation because of his alleged

7

disability. To establish unlawful disparate treatment, a plaintiff must demonstrate that his employer treated similarly situated employees outside of his protected class more favorably than he was treated. Burke-Fowler v. Orange County, 447 F.3d 1319, 1323(11th Cir. 2006). Plaintiff states he began receiving employee evaluations and similarly situated employees did not receive employee evaluations. (Doc. 1 ¶ 30, 21) .

Charlie Wise, Department Manager, conducted an investigation into Charging Party's December 9th email where he claims he was threatened with an employee evaluation if he bid for the day shift. All of the employees interviewed denied warning Plaintiff about evaluations and all stated there was general conversation that employee evaluations had not been done in a while. Id.

Chief Operators are required to complete evaluations for all employees under their supervision. The Plaintiff was never the only employee to receive an evaluation. Carolyn Hastings and Charles Porters, both Water Reclamation Operators received performance evaluations during the same the evaluation period as the Plaintiff. ( Rosario 85:4-21; Exhibit 1 and 86:1-15). Plaintiff wrote a comment on his performance evaluation that "this does not take my ADHD into consideration." (Doc. 1 ¶ 27). This could not be used to show any discriminatory intent as everyone in the department received employment evaluations and there is no record evidence to support that evaluation was an adverse employment action.

When the employer offers a legitimate, nondiscriminatory reason for an employment action, the burden shifts to the plaintiff to show it was pretextual. Bass v. Lockheed Martin, Corp. 287 F. Appx. 808-810-11 (11th Cir. 2005). The City has met its burden to produce a legitimate, nondiscriminatory reason for its adverse employment action. The Plaintiff engaged in repeated violations of the City's Code of Conduct and Department policy admitting that the emails were impolite. To prove pretext, a plaintiff must show his "employers explanation is unworthy of

8

credence." Jackson v. Ala. State tenure Comm'n, 405 F.3d 1276, 1289 (11th Cir. 2005). This also requires showing that the reason was false, and discrimination was the real reason for the adverse employment action. St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 512, n.4 (1993). Plaintiff has not presented any evidence sufficient to show that the City's reasons for adverse employment action were pretextual. Plaintiff admits he was aware of the policies and continued to send numerous emails to the entire department. (Wey 38: 12-21). Plaintiff does not point to sufficient circumstantial evidence that would allow a trier of fact to determine the adverse employment actions were based on his alleged disability. Therefore, City is entitled to summary judgment as to these claims.

### III. The Plaintiff has failed to prove prima facie case of retaliation under the ADA.

The ADA prohibits retaliation against or interference with a person who has asserted his rights under the ADA. In order to assert a prima facie case for retaliation, a plaintiff must show (1) he engaged in a protected activity (2) suffered an adverse employment decision (3) a causal link between the protected activity and adverse action. Jones v. Aaron's, 2018 U.S. App. LEXIS 25002 (11th Cir. 2018).

The Plaintiff has failed to satisfy the first element of engaging in a protected activity as his conduct was not reasonable. A plaintiff will not be found to engage in a protected activity if the manner in which he opposes discriminatory conduct is not reasonable. It is well established that the protection afforded by Tittle VII's opposition clause is not absolute. Gogel v. Kia Motors Mfg. of Ga., 2020 U.S. App. LEXIS 23936 *30 (11th Cir. 2020) citing Rollins v. Florida Dep't of Law Enf't, 868 F.2d 397, 400-01 (11th Cir. 1989). To be protected under the opposition clause, "the manner in which the employee expresses her opposition to an allegedly discriminatory employment practice must be reasonable. Id. at 401. Reasonableness "balances the purpose of the

9

statute and the need to protect individuals asserting their rights thereunder against an employer's legitimate demands for loyalty, cooperation and generally productive work environment." Id.

This case is analogous to the Rollins case which expanded the "rendered-ineffective-in the-job test. Rollins filed a frequent number of both informal and formal complaints of discrimination and doing so, she compromised none of her responsibilities of her position. Id. The plaintiff was a technician that filed only complaints on her behalf. Even though she had not solicited or recruited other employees to file complaints, nor did her conduct conflict with her job responsibilities. Gogel at *35 comparing Rollins to previous cases of Rosser v. Laborers' International Union, 616 F.2d 221, 223 (5th Cir 1980) and Hamm v. Members of the Board of Regents of the State of Florida, 708 F.2d 647, 654 (11th Cir. 1983).   Rollins' opposition conduct did not render her ineffective in her position. Id. However, the Court determined that the manner in which she filed grievances was unreasonable-the plaintiff habitually bypassed chain of command and refused to follow avenues for lodging a complaint, sheer number and frequency of complaints of discrimination were spurious and done in an insubordinate and antagonistic manner. Id. The Court in Rollins determined the plaintiff's conduct was not protected under Title VII.

In the instant case, Plaintiff's conduct would not meet the reasonableness standard set forth in Rollins. The Plaintiff habitually bypassed the lodging chain of command where he admits that he wrote the Mayor about a complaint regarding hurricane pay and "pointing out a month and half before his election that this isn't something you want ethically out there." (Wey 30:6-9). Also, in the attached emails to his termination in an email about whistleblowers he copied the Chief of Police, Anthony Holloway (Affidavit of Charlie Wise, emails attached to Exhibit E).   The Plaintiff sent numerous spurious emails from his personal email address to numerous employees in the department. Plaintiff admits he emailed everybody about his complaints. (Wey 112: 8-10).

His emails were so spurious that one employee requested he stop sending him emails. (Wey 39: 6-15). Plaintiff engaged in antagonistic and insubordinate behavior stating, "we know the City makes everyone out to be disgruntled" and admitted to secretly recording his supervisor twice. (Affidavit of Charlie Wise, emails attached to Exhibit E) and (Wey 91:5-7). Based on Plaintiff bypassing the chain of command and sending emails in a spurious, antagonistic and insubordinate manner, the Plaintiff's conduct was not reasonable and protected under Title VII like Rollins.

Thus, because the Plaintiff did not engage in a protected activity as the manner in which Plaintiff opposed the alleged discrimination were not reasonable. Therefore, because Plaintiff has not satisfied the first element of engaged in a protected activity, his retaliation claim under the ADA must fail.

## CONCLUSION

Based on the reasons above, the City respectfully requests this court enter an Order that summary judgment is inappropriate because the (1) City's rounding policy did not violate the Fair Labor Standards Act as the meetings were covered by the Portal to Portal Act and the rounding was de minimis; (2) Plaintiff has failed to meet his burden to prove disability discrimination under the ADA or the FCRA; and (3) the Plaintiff failed to prove his prima facie case to prove retaliation under the ADA.

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on this 15th day of September, 2020, I electronically served this document via electronic filed via CM/ECF to Counsel for Plaintiff, Ryan D. Barack, Esquire, Kwall Barack Nadeau PLLC, 304 S. Belcher Rd., Suite C, Clearwater, FL 33765 at rbarack@employeerights.com; jackie@employeerights.com and Michelle Erin Nadeau, Esquire, Kwall Barack Nadeau PLLC, 304 S. Belcher Rd., Suite C, Clearwater, FL 33765 at mcadeau@employeerights.com.

                              OFFICE OF THE CITY ATTORNEY
                              FOR THE CITY OF ST. PETERSBURG

                              By:   */s/ Danielle Weaver-Rogers*
                                     DANIELLE WEAVER-ROGERS
                                     FBN:   0116087
                                     Assistant City Attorney
                                     P. O. Box 2842
                                     St. Petersburg, Florida 33731
                                     (727) 893-7401
                                     danielle.weaver-rogers@stpete.org
                                     patricia.bluhm@stpete.org
                                     Attorney for Defendant