UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSEPH WEY,

    Plaintiff

vs.                                                   Case No.  8:19-cv-01314-TPB-JSS

CITY OF ST. PETERSBURG,

    Defendant.
_____/

**PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTION TO PLAINTIFF'S RESPONSE TO SUMMARY JUDGMENT EVIDENCE, MOTION TO STRIKE AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff Joseph Wey ("Plaintiff" or "Wey"), by and through the undersigned counsel, hereby files the following Memorandum of Law in opposition to Defendant's Objection to Plaintiff's Response to Summary Judgment Evidence, Motion to Strike, and Incorporated Memorandum of Law [Doc. 56].

**I.    The Evidence of the City's Current Time-Keeping Policy, Acknowledgment that Shift-Change Meetings are Compensable, and Payments to Affected Employees for Past Underpayment of Wages Should Not Be Stricken.**

In opposition to Defendant's motion for summary judgment, Plaintiff offered evidence that the City has implemented a new time-keeping policy which approves of the shift-change meetings at issue in this case, properly compensates for them, and provided back pay to employees for the previous three years to compensate for the underpayments during that time period.  Defendant has made arguments in support of its motion for summary judgment which this evidence undermines.  The City is simultaneously arguing that these shift-change meetings are unnecessary while adopting a policy that affirmatively allows for them.  The City is simultaneously arguing that the time is *de minimis* while writing checks to all other affected employees except Plaintiff to

compensate for this time.  The City requests that this Court strike this evidence pursuant to Rule 407 claiming they are "subsequent remedial measures."

>Rule 407 provides that:
>
>When measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove:
>
>- negligence;
>- culpable conduct;
>- a defect in a product or its design; or
>- a need for a warning or instruction.
>
>But the court may admit this evidence for another purpose, such as impeachment or — if disputed — proving ownership, control, or the feasibility of precautionary measures.

Fed.R.Evid. 407

This rule is generally used in tort cases, where negligence and fault are the main issues. The Advisory Committee Notes articulate two purposes for this rule.  First, that "[t]he conduct is not in fact an admission, since the conduct is equally consistent with injury by mere accident or through contributory negligence." *Id.*  Culpability is not at issue here as the FLSA is essentially a strict liability statute and does not require any proof of intent.  Even if the improper underpayment of wages were a mere accident, the City would still be liable for the payment of those wages. Second, "[t]he other, and more impressive, ground for exclusion rests on a social policy of encouraging people to take, or at least not discouraging them from taking, steps in furtherance of added safety." *Id.*  Thus, the Court should only exclude this evidence if it believes doing so furthers a policy of encouraging compliance with the FLSA.

However, Rule 407 is not applicable where, as here, Defendant had a legal obligation to compensate its employees properly.  Since the City is already legally obligated to pay its employees the minimum wage and overtime required by the FLSA, barring a subsequent remedial measure would not further the policy of encouraging employers to pay their employees properly.

The Fifth Circuit recently reasoned as much in *Novick v. Shipcom Wireless, Inc.*, 946 F.3d 735, 740 (5th Cir. 2020) where it found that because the Defendant "is legally obligated to take these measures to comply with the FLSA, excluding evidence of Plaintiffs' reclassification to nonexempt status would not further a social policy of encouraging employers to correctly classify their employees in the future" and affirmed the district court's decision to admit such evidence. As there does not appear to be guidance from the Eleventh Circuit on this issue, this Court should look to this Fifth Circuit decision to affirm the district court's admission of this evidence as persuasive precedent.  As in *Novick*, the City is already legally obligated to compensate its employees for all hours worked and any changes made to ensure compliance with this law are not done out of a sense of social responsibility that this Court needs to consider.  Thus, neither purpose of Rule 407 is served by excluding this evidence.

Further, the changes made by the City were not mere subsequent remedial measures, like redesigning a product or placing a sign in a dangerous area.  The effect of the City's decision to change its policy is not limited to making future underpayments "less likely to occur."  The City's decision to retroactively pay back all employees, except Plaintiff, for three years, overlaps with the time period for which Wey is seeking relief in this lawsuit.  Thus, the fact that other employees were paid for this time is highly relevant to Wey's claims of both unpaid overtime and retaliation. Further, the evidence of the payment of back wages (as opposed to the evidence of the change in policy) to the other employees are not subsequent remedial measures because the payments themselves are not measures taken that "would have made an earlier injury or harm less likely to occur." *See Novick*, 946 F.3d at 740 ("even assuming Shipcom conducted the audit solely to ensure that its employees were properly classified, the audit, standing alone, did not make the "earlier injury or harm less likely to occur…therefore, the audit was not a subsequent remedial measure.").

The payments themselves do not make the harm unlikely to occur and are therefore not "subsequent remedial measures."

Finally, the Defendant's new policy and back pay is also not offered merely to show that Defendant is liable for the FLSA violations alleged in this lawsuit. Subsequent remedial measures are not admissible to prove negligence, culpable conduct, a defect in a product or its design, or a need for a warning or instruction; however, Rule 407 specifically authorizes other uses of this information, such as impeachment, ownership, control, or the feasibility of precautionary measures. Fed.R.Evid. 407. One of Defendant's arguments is that the unpaid time was *de minimus*. In order for otherwise compensable time to be disregarded, it must be "insubstantial or insignificant periods of time beyond the scheduled working hours, which cannot as a practical administrative matter be precisely recorded for payroll purposes." 29 C.F.R. §785.47. The evidence of the payments made to other employees is proof that the unpaid overtime is significant and substantial. In addition, both the payments and change in time-keeping policy are proof that it did not represent time that could not be precisely recorded. Similarly, the change in policy is evidence that undermines the City's claim that the meetings "were not indispensable and integral as they were brief and not necessary because of the log book." It is not being offered merely for the purpose of proving negligence or culpability, but go directly to the feasibility of compensating employees for these shift-change meetings.

The Declaration of Kenneth Jackson and the documents showing that the City has changed its rounding policy and paid back all other employees for three years, including liquidated damages, is clearly relevant to the issues for which Defendant seeks summary judgment and is not barred by Rule 407 because the change in policy and back wage payments are not subsequent remedial measures, or, if they are, they are being offered for permissible purposes. This

4

distinguishes the current case from any of the cases cited by Defendant. Additionally, barring such evidence does not serve the purposes of Rule 407 because the City is already obligated to implement time-keeping policies that comply with the FSLA. Finally, striking the evidence would be improper at the summary judgment stage. There is not yet a jury to exclude this information from and the Court can give the evidence the proper weight. For these reasons, this Court should deny the City's motion to strike the evidence submitted in opposition to summary judgment showing that it changed its rounding policy and provided significant back pay to the affected employees.

### II. Plaintiff's Medical Records Should Not Be Excluded as Hearsay Because They Are Capable of Being Reduced to Admissible Form at Trial.

Defendant also requests this Court strike the medical records provided in opposition to its motion for summary judgment, which support Plaintiff's claim that he has a disability protected by the Americans with Disabilities Act. In seeking summary judgment, the City argued:

> Here, there has been no record evidence of how plaintiff's alleged ADHD limits a major life activity, only Plaintiff's conclusion's allegation that the condition effected his ability to communicate. Plaintiff contends that his ADHD, combined with his hearing loss limits his communication such that people believe him to be impolite. There is no medical evidence or other record evidence to support his claim. Thus, the City is entitled to summary judgment on Plaintiff's claim that he is disabled.

[Doc. 52 p. 7]. While Plaintiff's testimony is sufficient to survive summary judgment, he was also able to provide the medical records provided by his prior psychiatrist – which had been requested by Defendant – to corroborate his own testimony. Now, Defendant asks this Court to ignore this evidence.

At the summary judgment stage, "a party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed.R.Civ.P. 56. Defendant asks that the evidence be stricken because "[t]he medical records are not properly

5

authenticated by the custodian of the records." [Doc. 56 p. 4]. However, that does not render them unable to be reduced to admissible form at trial and, as such, they are properly considered at summary judgment. *Brannon v. Finkelstein*, 754 F.3d 1269, 1277 n.2 (11th Cir. 2014) (hearsay statement "should be considered on summary judgment here because it can be reduced to an admissible form at trial"); *Jones v. Coty Inc.*, 362 F. Supp. 3d 1182, 1194 (S.D. Ala. 2018)("defendants' argument overlooks the well-established proposition that material may properly be considered on summary judgment so long as it is capable of being reduced to admissible form"); *Thomas v. City of Palm Coast*, 3:14-CV-172-J-32PDB, 2017 WL 1179961, at *11 (M.D. Fla. Mar. 30, 2017)(hearsay evidence proper for summary judgment where it is capable of being reduced to admissible evidence); *Draper v. Florida Rest. Group, Inc.*, 5:08-CV-256-OC-10KRS, 2011 WL 13175991, at *4 (M.D. Fla. Apr. 5, 2011)(denying motion to strike documents, including medical records, which are "capable of being reduced to admissible, authenticated form"); *Latell v. Santander Bank*, 2:13-CV-565-FTM-29CM, 2016 WL 1111149, at *6 (M.D. Fla. Mar. 22, 2016)("The Court may consider hearsay statements at the summary judgment stage if the statement is capable of being reduced to admissible evidence at trial or reduced to admissible form."). In fact, even evidence that would be inadmissible at trial can be appropriately submitted by the non-moving party in opposition to a motion for summary judgment. *Church of Scientology Flag Serv. Org., Inc. v. City of Clearwater*, 2 F.3d 1514, 1530 (11th Cir. 1993)(citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 319, 324, 106 S.Ct. 2548, 2551, 2553, 91 L.Ed.2d 265 (1986)); *Offshore Aviation v. Transcon Lines, Inc.*, 831 F.2d 1013, 1015 (11th Cir. 1987)("The claim by Transcon that the letter is inadmissible hearsay does not undercut the existence of any material facts the letter may put into question.") In considering whether to grant summary judgment for the City, this Court should look at all evidence presented, especially

evidence that shows the existence of disputed issues of material fact, like the medical records presented by Plaintiff.

Defendant's only argument against these records is that they are hearsay. This argument is insufficient to strike evidence on summary judgment. At trial, these medical records are capable of being authenticated and admitted as non-hearsay documents through brief testimony of a records custodian. Therefore, Defendant's motion is due to be denied.

## CONCLUSION

For the reasons outlined above, this Court should deny Defendant's request to strike the evidence of the City's time-keeping policy, acceptance of the shift-change meeting, wages paid to other employees, and medical records and instead give it the proper amount of consideration for summary judgment purposes.[1]

                                        Respectfully submitted,

                                        /s/ Michelle Erin Nadeau
                                        **Ryan D. Barack**
                                        Florida Bar No. 0148430
                                        rbarack@employeerights.com
                                        Jackie@employeerights.com
                                        **Michelle Erin Nadeau**
                                        Florida Bar No. 0060396
                                        mnadeau@employeerights.com
                                        Jackie@employeerights.com
                                        **Kwall Barack Nadeau PLLC**
                                        304 S. Belcher Rd., Suite C
                                        Clearwater, Florida 33765
                                        (727) 441-4947
                                        (727) 447-3158 Fax
                                        Attorneys for Plaintiff

---

[1] Defendant's motion also failed to comply with Local Rule 3.01(g) and is also due to be denied on that basis.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing has been furnished via the Court's CM/ECF system on October 29, 2020 to all counsel of record.

                                        /s/ Michelle Erin Nadeau
                                            **Attorney**