UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSEPH WEY,

    Plaintiff,

v.   Case No. 8:19-cv-1314-T-60JSS

CITY OF ST. PETERSBURG,

    Defendant.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO STRIKE

This matter is before the Court on "Defendant, City of St. Petersburg's, Objection to Plaintiff's Response to Summary Judgment Evidence, Motion to Strike and Incorporated Memorandum of Law," filed October 15, 2020. (Doc. 56). Plaintiff filed his response in opposition on October 29, 2020. (Doc. 57). Upon review of the motion, response, court file, and record, the Court finds as follows:

### Background

In January 2007, Plaintiff Joseph Wey began working as a Waste Water Operator trainee for Defendant City of St. Petersburg, Florida (the "City"), and in 2009 was promoted to Water Reclamation Plant Operator II at the Northwest Waste Water Facility ("Plant"). During his employment, Plaintiff alleges it was common practice for operators to arrive up to 15 minutes before their shifts began for shift change meetings, where the outgoing operator briefed the incoming operator on all that was going on at the Plant.

To calculate how much time operators were to be paid, the City used the Kronos timekeeping system, which "round[s] up to an employee's start time if they clock in within 15 minutes of the start of their shift… [h]owever, at all other times, the system rounds down to the tenth of an hour." (Doc. 40 at 3). Put differently, if an individual is set to start their shift at 7:00 a.m. and he or she logs in at 6:46 a.m., Kronos will round up and start the pay period at 7:00 a.m. Furthermore, if an employee's shift is set to end at 7:00 p.m. and the employee logs in at 7:05 p.m., Kronos will round down and that employee will not be paid for the five minutes of overtime worked. This system was in place and applied to Plaintiff the entire time he was employed by the City until his termination on February 5, 2018. (Doc. 40-1 at 92). Plaintiff later filed suit against the City on May 15, 2019, alleging, in part, that the rounding policy violated the Fair Labor Standards Act ("FLSA").

Plaintiff further alleges that, after this lawsuit was filed, the City modified its rounding policy and issued backpay for three years plus liquidated damages to its employees. To support this claim, Plaintiff submitted an affidavit and exhibits from Kenneth Jackson, a recently-retired City Waste Water Operator, attesting that he received backpay and liquidated damages from the City for missed payments under the old rounding policy. (Doc. 54-7). Plaintiff also submitted Exhibits A and B of the declaration of Jackie McNeil, a paralegal with the law firm employed by Plaintiff. Exhibit A shows that the City paid on average $2,779.42 in unpaid wages, exclusive of liquidated damages, to forty-eight City employees, and Exhibit B contains medical records from Dr. Neeley, Plaintiff's former psychiatrist. (Docs. 54-6; 55 at 6-7; 56 at 4). Based on the information provided and the calculations used by the City, Wey would

have been owed $4,354.28 in unpaid wages plus liquidated damages and has not yet been reimbursed. The City now moves to strike these filings for violating Rule 56(e) of the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

## Legal Standard

Under Rule 56, an affidavit submitted in support of a motion for summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." Fed. R. Civ. P. 56. If an affidavit does not satisfy these requirements, the court may strike the affidavit or disregard it in whole or in part. *Hawthorne v. Baptist Hosp., Inc.*, No. 3:08cv154/MCR/MD, 2010 WL 716539, at *1 (N.D. Fla. Feb. 25, 2010); *Brown v. Gulf Coast Jewish Fam. Servs., Inc.*, No. 8:10-cv-1749-T-27AEP, 2011 WL 3957771, at *3 (M.D. Fla. Aug. 9, 2011).

## Analysis

The City argues that the affidavit and exhibits from Kenneth Jackson and Exhibit A of the declaration of Jackie McNeil are inadmissible under Rule 407 of the Federal Rules of Evidence and should therefore be stricken.

### *Evidence of New Time-Keeping Policy*

Rule 407 provides that evidence of subsequent remedial measures – measures that "would have made an earlier injury or harm less likely to occur" – are not admissible to prove "culpable conduct."[1] Fed. R. Evid. 407. Here, Plaintiff himself states that the new time-keeping policy implemented by the City "approves of the shift-

---

[1] This rule is justified by two policies. First, subsequent remedial measures are generally of limited probative value. *See* Fed. R. Civ. P. 407 advisory committee notes. Second, people should be encouraged to take, or at least not be discouraged from taking, steps to further public safety. *Id.*

change meetings at issue in this case" and "properly compensates for them." (Doc. 57 at 1). Under this new policy, Plaintiff's injuries, loss of proper overtime pay, would likely not have occurred, and therefore the new policy constitutes a subsequent remedial measure. *See Torres v. Rock & River Food Inc.*, 201 F. Supp. 3d 1373, 1374 (S.D. Fla. 2016) (holding that a new timecard and record-keeping policy implemented by defendant after FLSA suit constituted a subsequent remedial under Rule 407); *Holick v. Cellular Sales of N.Y., LLC*, No. 13–CV–738 (NAM/RFT), 2014 WL 4771719, at *2-3 (N.D.N.Y. Sept. 24, 2014) (finding that the defendants' reclassification of their work force after the plaintiff's FLSA suit was a remedial measure). Accordingly, pages four and five of Exhibit A to the Declaration of Jackie McNeil (Doc. 54-6), which directly detail the new timekeeping policy, are due to be stricken to the extent they are offered for purposes forbidden by Rule 407.[2] The Court will disregard these pages when ruling upon the pending motion for summary judgment.

***Evidence of Back Payments***

The Court, on the other hand, will not disregard evidence of back payments. The fact that current employees, and not Plaintiff, received backpay for time uncompensated under the previous rounding policy would not, standing on its own, have made Plaintiff's injuries less likely to occur. *See Novick v. Shipcom Wireless, Inc.*, 946 F.3d 735, 740 (5th Cir. 2020) (affirming the district court's decision to admit evidence of backpay issued to some plaintiffs in an FLSA case because the evidence did not constitute a subsequent remedial measure under Rule 407). Furthermore, even if

---

[2] This ruling is restricted to the purpose of resolving the pending cross motions for summary judgment. (Docs. 41 and 52).

these back payments were subsequent remedial measures, Plaintiff appears to offer this evidence for permissible purposes, such as to show the activity was not *de minimis*. The City's motion to strike the remaining portions of Exhibits A and B of the Declaration of Jackie McNeil, and the affidavit and exhibits from Kenneth Jackson, is therefore due to be denied without prejudice.

### *Medical Records*

Finally, the City argues that Exhibit B of the Declaration of Jackie McNeil, which contains medical records from Plaintiff's former psychiatrist, Dr. Neeley, should be stricken because the exhibit contains hearsay since the records have not been testified to by Dr. Neeley at this time.

Rule 901 of the Federal Rules of Evidence requires evidence to be authenticated or identified to support a finding that the "item is what the proponent claims it is." This may be accomplished through testimony by a witness with knowledge. Fed. R. Evid. 901(b)(1). However, even if not yet authenticated, hearsay evidence should nevertheless "be considered on summary judgment… [where] it can be reduced to an admissible form at trial." *See Brannon v. Finkelstein*, 754 F.3d 1269, 1277 n. 2 (11th Cir. 2014). While Plaintiff's medical records have yet to be formally authenticated, this minor defect may easily be cured before or during trial. *See Jones v. UPS Ground Freight*, 683 F.3d 1284, 1294 (11th Cir. 2012) ("The most obvious way that hearsay testimony can be reduced to admissible form is to have the hearsay declarant testify directly to the matter at trial."). The City's motion to strike Exhibit B of the Declaration of Jackie McNeil is therefore due to be denied.

It is therefore

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) "Defendant, City of St. Petersburg's, Objection to Plaintiff's Response to Summary Judgment Evidence, Motion to Strike and Incorporated Memorandum of Law" (Doc. 56) is hereby **GRANTED IN PART** and **DENIED IN PART**.

(2) The motion to strike pages four and five of Exhibit A in the Declaration of Jackie McNeil (Doc. 54-6) is **GRANTED**. The Court will disregard these pages when ruling upon the motion for summary judgment.

(3) The motion is **DENIED WITHOUT PREJUDICE** to the extent that it seeks to strike the declaration and exhibits of Kenneth Jackson (Doc. 54-7), and the remaining portions of Exhibit A in the Declaration of Jackie McNeil (Doc. 54-6).

(4) The motion is **DENIED** to the extent that it seeks to strike Exhibit B of the Declaration of Jackie McNeil.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 30th day of November 2020.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**