# EXHIBIT 1

## SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT AND RELEASE ("Agreement") is made and entered into by Joseph Wey, ("Plaintiff"), in favor of the City of St. Petersburg, its officers, agents and employees (collectively referred to as "City").

### WITNESSETH:

WHEREAS, on or about May 31, 2019, Joseph Wey filed a Complaint in the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Case No. 19-003388-CI, which was later removed to the United States District Court, Middle District of Florida, Tampa Division, Case No. 8:19-cv-1314 (the "Complaint"); and

WHEREAS, the parties wish to resolve any claim Plaintiff may have against City; and

WHEREAS, the parties hereto desire to resolve their differences as to the Complaint without the need for further litigation.

NOW, THEREFORE, in consideration of these premises, and of the covenants contained herein and for other good and valuable consideration, the adequacy of which is hereby acknowledged and receipt of which is forthcoming, the parties hereto, with the intent to be legally bound, agree as follows:

1. **Settlement Payment.** Within seven (7) days following the complete execution of this Agreement, and in consideration for mutual promises and covenants herein, the City of St. Petersburg shall pay the sum of Two Hundred Twenty Five Thousand Dollars and No Cents ($225,000) less applicable payroll taxes and withholdings, in full satisfaction of any and all claims alleged by Joseph Wey as further set forth herein. Except for this payment, Plaintiff acknowledges and agrees that he is entitled to receive no other payment, benefit, or compensation from the City. From the settlement amount, $98,061.17 will be paid to Michelle Nadeau, Esq. for attorney's fees and costs and $126,938.83 will be paid to Joseph Wey- of which fifty percent will be allocated to back pay and be subject to W-2 reporting for the Plaintiff, and fifty percent will be allocated to non-wage damages with a 1099 Form to the Plaintiff. The attorney will receive a 1099 for the

amount paid to the attorney by the City as per IRS regulations. Plaintiff will receive two checks, one check in the amount of $63,469.41 for wages subject to W-2 and $63,469.41 subject to a 1099. These amounts include the full resolution of Plaintiff's Fair Labor Standards Act claim in the amount of $8,708.56 ($4,354.28 deemed as wages and $4,354.28 as liquidated damages subject to a 1099). With this payment, Plaintiff has received all overtime and minimum wage payments due to him and this settlement does not represent a compromise of his FLSA claims. All checks will be mailed to the office of Michelle Nadeau. Plaintiff is responsible for all taxes he is legally required to pay as a result of this Agreement.

2. No Admission. The parties enter into this Agreement for the purpose of compromising disputed claims. Neither this Agreement nor any action or acts taken in connection with this Agreement or pursuant to it shall constitute an admission by City or any other person or entity of any violation of law, nor shall it constitute or be construed as an admission of any wrongdoing whatsoever. City, on behalf of its agents, employees and representatives, specifically denies committing any unlawful act against Plaintiff at any time.

2. Release. By entering into this Agreement, Plaintiff hereby irrevocably and unconditionally releases and acquits and forever discharges, for Plaintiff and Plaintiff's successors and heirs, Plaintiff's right to file a grievance or any other claim otherwise available to Plaintiff, or a lawsuit or other claim against the City, individually or collectively, for damages (money), back pay, front pay, unpaid wages, liquidated damages, compensatory damages, punitive damages, statutory penalties, reinstatement, injunctive relief, declaratory relief, attorney's fees, or costs arising out of Plaintiff's employment with City and the termination of Plaintiff's employment. This includes any and all lawsuits and claims, including but not limited to those claims pursuant to the Civil Rights Act of 1991, Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1866, Section 1983 of the Civil Rights Act of 1871, the Age Discrimination In Employment Act, the Equal Pay Act, the Public Employees Relations Act,

2

the Fair Labor Standards Act, The Family and Medical Leave Act of 1993 (FMLA); the Florida Whistleblowers Act, the Americans With Disabilities Act, Veterans' Reemployment Rights Act, as amended (USERRA), the Florida Civil Rights Act, and any other federal or state statutory or common law theory of liability or damages.

Plaintiff's signature below certifies that Plaintiff has not assigned or transferred or purported to assign or transfer any claim or matter released by and through this Agreement.

The release of claims in this paragraph shall be effective to release all of Plaintiff's claims against the City, individually and collectively, including claims that are known or unknown, suspected or unsuspected provided; however, this Release shall not apply to any rights or claims that may arise after the date of this Agreement or that by federal or state statute cannot be waived.

3. <u>No Admission of Liability</u>. The parties enter into this Settlement Agreement and Release as a full and complete settlement and compromise of the claims relating to Complaint as against City and nothing herein shall be construed as an admission of liability of City or any of its agents, officers or employees, such liability being expressly disputed and denied.

4. <u>Dismissal of Lawsuit with Prejudice</u>. Once the settlement agreement is approved by the Court, Plaintiff shall file a Notice of Dismissal With Prejudice and all other forms required by the court to close the case.

5. <u>Reference and Personnel Files</u>. The Water Resources Director, John Palenchar, will draft a letter indicating that Plaintiff was a good employee. Any discipline, including all Employee Notices will be removed from Plaintiff's personnel file and placed in a separate file.

6. <u>Acknowledgment</u>. Plaintiff represents and acknowledges that he has read this Settlement Agreement and Release and executed same after first conferring with counsel, and that he has not in any way relied upon any representation of or by City or its representatives in making this Settlement Agreement and Release. Plaintiff further represents and acknowledges that he has

3

taken into account not only the known and anticipated, matured and unmatured, claims and defenses, but also unknown and unanticipated claims and defenses to which he hereby recognizes and agrees are covered by this Settlement Agreement and Release.

7. Indemnification. Plaintiff hereby warrants and represents to City that if any other valid claims, liens or obligations have been incurred by or on behalf of Plaintiff in connection with the Complaint and his claims thereunder, that Plaintiff will satisfy same, including Medicare and Medicaid liens and Plaintiff hereby agrees to defend, indemnify and hold harmless the City from any and all such valid claims, liens or obligations.

8. Time for Acceptance and Revocation. The Plaintiff shall have seven (7) days from the date this Agreement is presented to Plaintiff to accept its terms, although Plaintiff may accept it at any time within those 7 days. After acceptance, the Plaintiff shall have three (3) days in which to revoke his acceptance by delivering to City a written statement of revocation.

9. Integration. This Agreement represents the entire understanding and agreement of the parties with respect to the matters referred to herein. Any representation, warranty, promise or condition, whether written or oral, between the parties with respect to the matters referred to herein which is not specifically incorporated in this Agreement shall not be binding upon any of the parties hereto and the parties acknowledge that they have not relied, in entering this Agreement, upon any representations, warranties, promises or conditions not specifically set forth in this Agreement. This Agreement may be modified only by a written agreement executed by both parties.

10. Venue. This Agreement shall be deemed executed, delivered and performed in the State of Florida and shall be governed by and interpreted in accordance with the laws of the State of Florida. Venue for any action brought in state court shall be in Pinellas County, St. Petersburg Division. Venue for any action brought in federal court shall be in the Middle District of Florida, Tampa Division, unless a division shall be created in St. Petersburg or Pinellas County, in which case the action shall be brought in that division.

11. **Severability.** In the event that any one or more of the provisions of this Agreement shall be held invalid, illegal or unenforceable, then such invalidity, illegality or unenforceability shall not affect any other provision thereof, and this Agreement shall be construed by disregarding the invalid, illegal or unenforceable provision or provisions.

IN WITNESS WHEREOF, Joseph Wey and the City's representative have hereunto affixed their hands and seals the day and year indicated below.

CITY OF ST. PETERSBURG

_____
Employer Representative
Print: Chris Guella
Date: January 11, 2021

_____
JOSEPH WEY, Plaintiff

WITNESSES:
Cynthia D. Paonessa
Date: 1/11/2021

_____
Date: _____

STATE OF FLORIDA
COUNTY OF PINELLAS

I HEREBY CERTIFY, that on this day personally appeared before me, Joseph Wey, to me well known to be the person described in, or who produced FL Driver License as identification, and who executed the foregoing Settlement Agreement and Release individually and he acknowledged before me that he executed the same for the purposes therein expressed.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal, this 11 day of January, 2021.

(SEAL)
CYNTHIA D. PAONESSA
Commission # GG 119013
Expires June 26, 2021
Bonded Thru Budget Notary Services

NOTARY PUBLIC:
Sign: Cynthia D. Paonessa
Print: Cynthia D. Paonessa
State of Florida
My Commission Expires: 6/26/2021

(Settlement Agreement –
City of St. Petersburg and Joseph Wey)

5